Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the deputy commissioner with minor modifications as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the deputy commissioner and in an executed Pre-Trial Agreement as:
 STIPULATIONS
1. At the time of the alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant.
3. Key Risk Management Services was the administrator at all times relevant.
4. Plaintiffs compensation rate is $200.00.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a 32-year old male. He was employed by North Carolina State University ("NCSU) as a cook in one of its dining halls.
2. On October 6, 1998, plaintiff was performing his job and was assigned to move food in one or more "cambros to another area of the dining hall. A "cambro is a heated cart on wheels used to transport five to seven trays of food. Plaintiff did not have any significant experience in performing this task, nor was it part of his usual and/or customary assignment. He only performed this task a very few times.
3. After moving one of the cambros to its intended location, plaintiff reached into it and attempted to remove a pan full of rice weighing between 25 and 30 pounds. The pan stuck as he was trying to remove it from the cambro, and plaintiff felt a sharp pain in his left shoulder.
4. After experiencing the onset of sharp pain in his left shoulder, plaintiff reported the incident to Tony Baldwin, Swen Altis and Charles McNairy, each of whom was in a supervisory position in relation to plaintiff.
5. Approximately one or two weeks after the injury, plaintiff complained to his direct supervisor, Tony Cannon, that his shoulder was still hurting and that he wished medical attention for it. Mr. Cannon advised plaintiff that "papers would have to be filled out, and that he would let plaintiff know when that had been done. Mr. Cannon also indicated that plaintiff should inform Ms. Betty McCrae about the incident.
6. Plaintiff reported the incident to Ms. McCrae on October 26, 1998, but she told plaintiff she was unsure that his "accident would be covered since no one had completed the required paperwork.
7. Plaintiff returned to Ms. McCrae on October 28, 1998, who advised that James Raynor would be speaking with him before the end of his shift. During plaintiffs subsequent conversation with Mr. Raynor, Mr. Raynor advised that he was "writing a letter that would take care of it.
8. On October 29, 1998, Mr. Raynor informed plaintiff that neither Mr. Altis nor Mr. Cannon could remember the incident.
9. During the period immediately following his injury, plaintiff was sent home from work early on two occasions when his arm swelled, and he was unable to continue to work.
10. Defendant terminated plaintiffs employment by letter dated November 1, 1998, alleging that plaintiff was terminated for violation of NCSUs attendance policy.
11. On or about November 3, 1998, NCSU completed a Form 19, and thereafter, plaintiff submitted to a recorded statement taken by Tim Offenberger of Key Risk Management Services.
12. On November 4, 1998, plaintiff was referred to the primary care physician(s) designated by the defendant, Blue Ridge Primary Care. He was seen and examined by Dr. Grace T. Ayscue who diagnosed plaintiff with left shoulder impingement. Dr. Ayscue recommended physical therapy and restricted plaintiff to lifting no more than twenty (20) pounds and no reaching overhead with his left arm.
13. Plaintiff, thereafter completed an I.C. Form 18 on November 10, 1998, and mailed it to the Industrial Commission, with a copy to his employer. Plaintiff was not represented by counsel at the time the Form 18 was completed.
14. Plaintiffs testimony on how the accident occurred on October 6, 1998 and his job duties is found to be credible, based upon his testimony, demeanor, the medical documentation, prior statements which are not inconsistent and the testimony of some of the other credible witnesses.
15. Plaintiff sustained an injury by accident to his left shoulder arising out of and in the course of his employment when a pan of rice weighing between twenty-five (25) and thirty (30) pounds "stuck as plaintiff was lifting it from a cambro at work on October 6, 1998. The sticking of the pan as plaintiff lifted it constituted an unlooked for, untoward event, not expected or designed by the plaintiff and thus was an accident.
16. Also, the duty plaintiff was performing at the time of injury was not a part of his regular work routine.
17. Plaintiffs compensation rate is $200.00.
18. The Full Commission is reserving the issue concerning the extent of plaintiffs disability arising from his injury by accident of October 6, 1998 until plaintiff has had a medical evaluation and any treatment that is reasonably required to effect a cure, provide relief or lessen his disability.
***********
Based on the foregoing findings of fact and stipulations, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff suffered a compensable injury by accident on October 6, 1998, when a pan of rice stuck as plaintiff was pulling it from a cambro, causing an immediate onset of sharp pain and an injury to his left shoulder. Furthermore, the job duties plaintiff was performing at the time of his injury were not a part of his normal work routine in that he was not normally assigned to perform the tasks he was performing at the time of his injury. N.C. Gen. Stat.97-2(6).
2. Plaintiff is entitled to have defendant provide a medical evaluation of his compensable injury and is further entitled to have defendant provide all reasonable and necessary medical care recommended by his treating physician arising out of his compensable injury to the extent that such treatment is intended to provide relief, effect a cure, or lessen his disability. N.C. Gen. Stat. 97-25.
3. A determination of the extent of plaintiffs disability should be reserved for subsequent determination.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of this compensable injury.
2. Defendant shall arrange for plaintiff to be evaluated and treated as recommended by the designated physician.
3. The remaining issues are hereby RESERVED for ninety (90) days or until plaintiff has received a medical evaluation and any treatment recommended and the receipt of additional evidence on the issue of disability.
4. Defendant shall pay the costs due the Commission.
5. The Full Commission retains jurisdiction over this case.
***********
 ORDER
This case is reopened for ninety (90) days in order to provide an opportunity for plaintiff to be evaluated and treated by a physician and for the parties to submit to the Full Commission evidence with regard to plaintiffs disability arising out of his compensable injury. Thereafter, the Full Commission will re-evaluate this case and make a further determination with regard to the issue of plaintiffs disability and eligibility for workers compensation benefits.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
BSB:md